# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| LAKESHA NORINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:11-cv-1095-SEB-DML |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## Entry and Order Dismissing Action

The plaintiff's claim concerning the validity of his conviction in an Indiana state court was severed from the action and docketed as No. 1:12-CV-215-JMS-DKL. The claims not severed are that throughout his incarceration the plaintiff's federally secured rights were violated through the conditions of his confinement.

For the reasons explained in this Entry, the complaint fails to state a claim upon which relief can be granted and the action must therefore be dismissed.

## Discussion

Because the plaintiff is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h), the court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). A complaint falls within this category if it "alleg[es] facts that show there is no viable claim.@ *Pugh v. Tribune Co.,* 521 F.3d 686, 699 (7th. Cir. 2008); *see also Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)("Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.").

Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In applying this standard, A[a] complaint must always . . . allege ›enough facts to state a claim to relief that is plausible on its face.≡ *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). AA claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 555, 557).

"[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994); *see Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005)("[C]onstitutional claims must be addressed under the most applicable provision."). The applicable constitutional standard associated with the plaintiff's claims is the Eighth Amendment proscription against the imposition of cruel and unusual punishment. *Helling v. McKinney,* 509 U.S. 25, 31 (1993)("It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment"; prison officials have a duty to provide humane conditions of confinement by ensuring that inmates receive adequate food, clothing, shelter, and medical care, and by taking reasonable measures to guarantee the safety of the inmates).

Several of the plaintiff's claims are barred by the 2-year statute of limitations. *Logan v. Wilkins,* 644 F.3wqd 577, 581 (7th Cir. 2011); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council,* 406 F.3d 926, 929 (7th Cir. 2005); *see* IND. CODE § 34-11-2-4; *Gleash v. Yuswak,* 308 F.3d 758, 760 (7th Cir. 2002)(district judges have discretion to invoke a statute of limitations *sua sponte* if the defense is apparent from the complaint or another document in the court's files). Even more claims would be subject to dismissal because they would not support recovery. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1948 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); [*Monell v. New York City Dep't of Soc. Servs.,* 436 U.S. 658, 691 (1978)](although a municipality may be a "person" for purposes of [§ 1983](), the law is clear that a municipal government "cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under [§ 1983]() on a *respondeat superior* theory"); *Johnson v. Supreme Court of Illinois,* 165 F.3d 1140, 1141 (7th Cir. 1999)("states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983").

All of the claims, however, fall short of alleging a plausible violation of the Eighth Amendment. *See Grieveson v. Anderson,* 538 F.3d 763, 775 (7th Cir. 2008)(to succeed on a conditions of confinement claim under the Eighth Amendment, a plaintiff must demonstrate that 1) he or she was incarcerated under conditions that posed a substantial risk of serious harm and 2) the defendant was deliberately indifferent to that risk)(citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). "The conditions of imprisonment, whether of pretrial detainees or of convicted criminals,

do not reach even the threshold of constitutional concern until a showing is made of 'genuine privations and hardship over an extended period of time.'" *Duran v. Elrod,* 760 F.2d 756 (7th Cir. 1985) (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979)).

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Turner v. Safley,* 482 U.S. 78, 84 (1987)). No such claim is asserted here, however, and no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983). Accordingly, the complaint fails to state a claim upon which relief can be granted. *See also Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993)(although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court"), *cert. denied,* 511 U.S. 1084 (1994).

The dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/11/2012

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Distribution:

Lakesha Norington
#138726
Westville Correctional Facility
5501 South 1100 West
Westville, IN 46391

All Electronically Registered Counsel